# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2086
Lower Tribunal No. 20-17447-CA-01
_____

**Fernando Costantini Gomes**,
Appellant,

vs.

**Victor Maniglia,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hink Law Firm, P.A., and Ronald R. Hink, Jr., for appellant.

J. Muir & Associates, P.A., and Jane W. Muir, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed.  See § 415.1111, Fla. Stat. (2025) ("A vulnerable adult who has been abused, neglected, or exploited as specified in this chapter has a

cause of action against any perpetrator and may recover actual and punitive damages for such abuse, neglect, or exploitation."); § 415.102(8)(a), Fla. Stat. (2025) (defining "exploitation" of a vulnerable adult); <u>see also</u> § 768.72(1), Fla. Stat. (2025) ("In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."); Fla. R. Civ. P. 1.190(f) ("A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages."); <u>Monsanto Co. v. Behar</u>, 417 So. 3d 383, 388 (Fla. 3d DCA 2025) ("That record evidence or proffer must reasonably demonstrate that the defendant was guilty of either 'intentional misconduct' or 'gross negligence.' The former means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. The latter means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.") (citations omitted).